Thomas P. Olson
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

Attorneys for Plaintiff CoStar Group, Inc.

Jacques Semmelman (JS 5020)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York  10178-0061
(212) 696-6000

Attorneys for Defendant LoopNet, Inc.

*Complete list of counsel on signature page*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| COSTAR GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOOPNET, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 08-CV-1156 (GBD) <br><br> **PROPOSED DISCOVERY PLAN SUBMITTED PURSUANT TO FED. R. CIV. P. 26(f)(3)** |

Plaintiff CoStar Group, Inc. ("CoStar"), and Defendant LoopNet, Inc. ("LoopNet"), by and through their undersigned counsel, jointly submit the following report to the Court pursuant to Federal Rule of Civil Procedure 26(f)(3) and the Court's February 6, 2008 Case Management Plan and Proposed Scheduling Order.

1. **<u>Overview</u>:**  On April 15 and April 16, 2008, counsel for the parties met and conferred on discovery, and discussed the required topics under Rule 26(f).  Thomas Olson, Charles Speth, and Katherine Oyama of Wilmer Cutler Pickering Hale and Dorr LLP

participated on behalf of CoStar. Elliot Brown and Raymond LaMagna of Irell and Manella LLP, along with Jacques Semmelman of Curtis, Mallet-Prevost, Colt & Mosle LLP, participated for LoopNet.

        2.        **Subjects and Timing for Completion of Discovery**: The parties anticipate taking discovery on CoStar's claims and LoopNet's defenses in this action, and agree that discovery should be conducted in two phases: fact discovery and expert discovery. The parties also agree that initial disclosures should be due on April 29, 2008. As discussed below, however, the parties disagree about appropriate deadlines for completion of discovery and other matters.

        A.        CoStar's Position Regarding Discovery Schedule

Plaintiff CoStar believes this is a straightforward case about whether LoopNet made false or misleading statements about the nature of its online business, which can be resolved on a schedule similar to that proposed by the Court in its February 6, 2008 Proposed Case Management Plan and Scheduling Order. The heart of the case is this: LoopNet says that it has about 2.6 million "registered members," but this number does *not* reflect unique, current users; it simply means that LoopNet has collected a cumulative total of 2.6 million email addresses and passwords over more than a decade. Many of LoopNet's 2.6 million "memberships" have not been used for months or years, or reflect duplicative "memberships" for one person (*e.g.*, John.Smith@realestateco.com, JohnSmith321@gmail.com). Nevertheless, to convince the public that it is much more successful than it is, LoopNet falsely tells the public that it has 2.6 million registered *users* – *i.e.*, human beings, not mere email addresses. LoopNet similarly claims that 2.6 million LoopNet members are "immediately exposed" to ads posted on

LoopNet's online service. These statements, along with many similar statements quoted in the Complaint, are literally false and are plainly actionable under the Lanham Act.

Because the Complaint is so detailed, it should serve to streamline discovery. That is, CoStar provided LoopNet with carefully-documented examples of LoopNet's false statements, without LoopNet needing to serve any discovery request. CoStar also provided LoopNet with quotations from a variety of professionals who repeated LoopNet's false statements. CoStar does not plan to offer these statements for the truth (or to call the declarants as witnesses), but simply to show that the declarants repeated LoopNet's false statements. To the extent LoopNet wishes to depose some of these individuals, the depositions will likely be brief.

LoopNet suggests that the Court should set a leisurely schedule because LoopNet may eventually develop counterclaims, although it has not been able to do so in the nearly three months since this case was filed. The Court should not slow down this case based on the bare possibility that (i) LoopNet may later attempt to assert, and (ii) the Court will permit LoopNet to pursue, such untimely, and unrelated, counterclaims. By LoopNet's standard, every case would need to go slowly.

In the far more complex case between the parties in California state court, about different issues, the court has set the case for trial less than a year after the parties filed their claims. There is no reason why, as LoopNet proposes, this much simpler case should take nearly twice as long.

CoStar respectfully requests that the Court adopt the following discovery and case management schedule, which generally follows the dates proposed by the Court in its February 6 Order:

- 4 -

## **PLAINTIFF COSTAR'S PROPOSED SCHEDULE**

| | |
|---|---|
| Initial Disclosures to be Exchanged | April 29, 2008 |
| Close of Fact Discovery | September 15, 2008 |
| Last Day to Amend Pleadings and/or Join Additional Parties | July 10, 2008 |
| Expert Report(s) Due on Matters on which the Party Has the Burden of Proof | September 24, 2008 |
| Rebuttal Expert Report(s) Due | October 15, 2008 |
| Completion of Expert Depositions | November 1, 2008 |
| Dispositive Motions | November 13, 2008; Oppositions shall be filed within 14 days; reply briefs shall be filed within 7 days. |
| Proposed Joint Pretrial Order | January 15, 2009 |
| Pretrial Conference | January 29, 2009 at 9:30 a.m. |
| Ready for trial | On or after February 9, 2008. Estimated trial time is 3-4 days |
| Next case management conference | September 11, 2008 at 9:30 a.m. |

B.  LoopNet's Position Regarding Discovery Schedule

On November 15, 2007, LoopNet filed a lawsuit against CoStar in the Superior Court of the State of California (Los Angeles County Docket No. BC 380863) (the "California Action"). In substance, LoopNet's California Action seeks damages and injunctive relief against CoStar based upon CoStar's practice of copying commercial real estate listings and listings information from LoopNet's website. CoStar has asserted counterclaims, and the California Action is pending and active.

On February 5, 2008, CoStar commenced this lawsuit against LoopNet, thereby opening a second front in the litigation. CoStar could have asserted additional counterclaims in the California Action in lieu of starting this action. CoStar chose instead to commence this action.

LoopNet takes strong issue with CoStar's assertion that this is a "straightforward" case. CoStar's Complaint contains scores of allegations set forth in over 80 paragraphs. In addition to the complex factual predicates, CoStar's claims seek determinations that implicate the website traffic metrics used by Internet-based businesses such as eBay and MySpace to describe and market their businesses. CoStar seeks determinations that would have a significant impact on how these and numerous other companies and services routinely report on their businesses, as well as to establish precedent for SEC disclosure guidelines and the metrics that Wall Street analysts should consider as a matter of best practices.

Considering the complexity of the case, the large number of witnesses expressly identified in CoStar's Complaint (see below, section 5), and the need for expert testimony on multiple issues, CoStar's proposed discovery schedule is unrealistic. As LoopNet is in the midst of litigation against CoStar in the California Action, LoopNet can state, based upon experience, that discovery from CoStar has not proceeded at a pace that is consistent with CoStar's proposal. For example, the discovery served by the parties in December, 2007 is still the subject of fundamental disputes that will be decided, at the earliest, in June 2008. The schedule proposed by LoopNet is both consistent with the realities on the ground as well as the common sense principle that CoStar should not be able to utilize this action as a means of jumping the gun by obtaining discovery in this action while forestalling discovery in the California action..

LoopNet also intends to seek leave to add counterclaims in this action to address CoStar's false and misleading advertising tactics and unfair competition. The schedule adopted by the

Court should provide not only a realistic time frame with respect to CoStar's claims and LoopNet's defenses, but also sufficient time for LoopNet to develop its counterclaims so that all issues can be joined in a single trial.

LoopNet therefore respectfully submits that the following schedule should apply:

## **DEFENDANT LOOPNET'S PROPOSED SCHEDULE**

| | |
|---|---|
| Initial Disclosures to be Exchanged | April 29, 2008 |
| Last Day to Amend Pleadings and/or Join Additional Parties | September 15, 2008 |
| Last Day to Produce Any Survey on Which CoStar Will Rely, Including Supporting Documentation (e.g., questionnaires, results, reports) | February 18, 2009 |
| Close of Fact Discovery | May 18, 2009 |
| Expert Report(s) Due on Matters on which the Party Has the Burden of Proof | June 1, 2009 |
| Rebuttal Expert Report(s) Due | June 29, 2009 |
| Completion of Expert Depositions | July 24, 2009 |
| Dispositive Motions | August 10, 2009; Oppositions within 21 days; reply briefs within 14 days. |
| Proposed Joint Pretrial Order | 3 weeks after the Court's decision on dispositive motions. |
| Pretrial Conference | 4 weeks after the Court's decision on dispositive motions. |
| Ready for trial | |
| Next case management conference | September 11, 2008 |

3.      **Rule 26(a) Initial Disclosures**:  The parties agree to exchange Rule 26(a) initial disclosures by Tuesday, April 29, 2008.

4.      **Electronic Discovery**:  The parties discussed electronic discovery, including the forms in which electronic discovery should be produced.  The parties agree that with the exception of certain types of documents that should be produced in their native format, electronic discovery should be produced in single-page TIFF format, along with certain metadata to be mutually agreed on by the parties.  The parties agree to preserve relevant electronically-stored information in accordance with the Federal Rules of Civil Procedure.

5.      **Changes in the Limitations on Discovery Imposed By the Rules.**

     A.      CoStar's Position

CoStar proposes that, in addition to the ten depositions per side permitted by Rule 30(a)(2), the parties be allowed to take one deposition per expert.  (If the expert submits a significantly revised report, CoStar suggests that a further deposition should be permitted, limited to the changes in the report.)   Otherwise, CoStar proposes that discovery in this case conform to the default limitations specified in the applicable rules.

CoStar's experience is that the ten-deposition limit in the Rules has the beneficial effect of forcing the parties to prioritize their discovery and take the depositions that really matter.  As to interrogatories, LoopNet's proposal is in conflict with the Local Rules of the Southern District, which provide that contention interrogatories are served at the close of discovery.  Nor is there any need for contention interrogatories at this time.

     B.      LoopNet's Position

LoopNet proposes that the scope and complexity of this litigation, taking into account in particular the numerous non-party sources of discovery identified in CoStar's Complaint, merits

a departure from the default limits of Rule 30(a)(2). The allegations of CoStar's Complaint regarding purportedly false statements indicate that CoStar is relying on allegations attributed to at least fourteen non-parties:

> a. LaRita M. Heet (Complaint ¶ 13);
> b. Rob Finn (Complaint ¶ 14);
> c. Andrew W. Jeffery (Complaint ¶¶ 15, 22);
> d. Jack D. Ancich (Complaint ¶ 15);
> e. R. Cheever (Complaint ¶ 22);
> f. Jack Fuller (Complaint ¶ 16);
> g. Timothy Forrester (Complaint ¶ 16);
> h. Katrina Chan (Complaint ¶ 18);
> i. Rick Munarriz (Complaint ¶¶ 19, 20);
> j. Tom Taulli (Complaint ¶ 20);
> k. Scott Reeves (Complaint ¶ 21);
> l. Lindsay Cambell (Complaint ¶ 21);
> m. Heath Terry (Complaint ¶ 82);
> n. Andrew Thomas (Complaint ¶ 82).

In addition to identifying fourteen non-parties as supposedly being knowledgeable of events purportedly relevant to this action, CoStar's Complaint makes relevant additional categories of non-party discovery, for example discovery relating to industry norms for reporting on website traffic and membership. CoStar has furthermore served voluminous discovery demands that seek information about non-parities. LoopNet's counterclaims will undoubtedly raise additional discovery needs.

Although LoopNet has not yet had discovery, based on CoStar's allegations and considering the full gamut of the issues, LoopNet submits that the default deposition limits would not provide an adequate opportunity for discovery in this matter. LoopNet proposes that each side be permitted to take up to 10 party fact witness depositions, which number shall exclude the witness or witnesses deposed under Rule 30(b)(6), and that each side be permitted to take up to 15 non-party depositions. For expert discovery, LoopNet further proposes one seven-hour deposition per expert per expert report. In the event a party relies upon a survey, LoopNet

proposes that a seven-hour deposition concerning each such survey be permitted, regardless of whether the survey is submitted in conjunction with an expert report or otherwise, for example, in connection with a declaration in support of a motion.

LoopNet additionally proposes that, due to the nature of the case, 50 interrogatories per side should be allowed under Rule 33(a)(1). LoopNet furthermore seeks leave to serve interrogatories at the outset of the case to identify which of the scores of allegations set forth in CoStar's Complaint are truly germane to its Lanham Act claim. In the present case, where a pleading has been used for the assertion of scores of allegations of no apparent relevance to the claim in suit, but on which it is now pursuing discovery, permitting the use of interrogatories to lay bare the true basis of the one claim in suit is likely to reduce the overall costs of discovery and burdens on this Court.

6. **Orders Under Rule 26(c):**

A. **Treatment of Confidential Information**: The parties anticipate that a protective order will be necessary to preserve their respective confidential and/or sensitive business information. The parties have agreed to work together in an attempt to arrive at a Stipulated Protective Order to be submitted to the Court.

B. **Inadvertent Disclosure of Privileged or Other Material Protected From Disclosure**: The parties have agreed that a "clawback" procedure would be appropriate for the return of privileged material inadvertently produced in discovery, and plan to include such a provision as part of a Stipulated Protective Order.

C. **Time Period for Privilege Log**: The parties further agree that privilege logs shall be provided within a reasonable time after the party provides its substantive response to the pertinent discovery request.

DATED:  April 29, 2008

/s/ Thomas P. Olson
Thomas P. Olson
Charles C. Speth*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
thomas.olson@wilmerhale.com
charles.speth@wilmerhale.com

Nels T. Lippert
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800
nels.lippert@wilmerhale.com

Mark D. Selwyn*
Wilmer Cutler Pickering Hale and Dorr LLP
1117 California Avenue
Palo Alto, California 94304
Telephone: (650) 858-6031
Facsimile:  (650) 858-6100
mark.selwyn@wilmerhale.com

Counsel for Plaintiff CoStar Group, Inc.

DATED:  April 29, 2008

/s/ Jacques Semmelman
Jacques Semmelman (JS 5020)
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, New York  10178-0061
(212) 696-6000
(917) 368-8867 (fax)
jsemmelman@curtis.com

---

\*   Not admitted to the Bar of this Court.

Elliot Brown (admitted *pro hac vice*)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California  90067-4276
(310) 227-1010
(310) 203-7199 (fax)
ebrown@irell.com

Attorneys for Defendant LoopNet, Inc