Steven A. Zalesin (SZ 0901)
Karla G. Sanchez (KS 7247)
Adeel A. Mangi (AM 5322)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

*Attorneys for Plaintiff CoStar Group, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COSTAR GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-CV 1156 |
| ) | |
| v. ) | |
| ) | |
| LOOPNET, INC., ) | |
| ) | |
| Defendant. ) | |

---------------------------------------------------------- X

| | |
|---|---|
| LOOPNET, INC., ) | |
| ) | |
| Counterclaim ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COSTAR GROUP, INC., and COSTAR ) | |
| REALTY INFORMATION, INC. ) | |
| ) | |
| Counterclaim ) | |
| Defendant. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF COSTAR GROUP, INC.'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff CoStar Group, Inc. ("CoStar") respectfully submits this memorandum of law in support of its motion to require defendant LoopNet, Inc. ("LoopNet") to provide expedited discovery, pursuant to Rules 26, 30 and 34 of the Federal Rules of Civil Procedure, in connection with CoStar's pending motion for a preliminary injunction.

### BACKGROUND

This is an action for false advertising in which both sides have moved for preliminary injunctive relief. CoStar filed its motion on June 20, 2008, seeking a prompt injunction to prevent LoopNet from making false and disparaging claims about CoStar Showcase®, a new product that competes directly with LoopNet's products and services. CoStar informed LoopNet at the time that it intended to propound expedited discovery requests, and it served such requests – including requests for production of documents and deposition notices – on Monday, June 23, the next business day. Declaration of Karla G. Sanchez ("Sanchez Decl. ¶ 2).

*LoopNet's Motion for Expedited Discovery*

At the scheduling conference that took place on June 20, LoopNet was directed to file any cross-motion for preliminary injunctive relief by yesterday, June 30. At approximately 7:00 p.m. last night, LoopNet filed its motion along with a motion for expedited discovery. *Id.* ¶ 3. LoopNet's motion attached expedited discovery requests that, like CoStar's, included both requests for production of documents and notices of deposition. *Id.* LoopNet had not previously identified what expedited discovery, if any, it would seek in connection with its motion, and

2

1823256v.1

CoStar saw and reviewed LoopNet's requests for the first time after they were electronically filed last night.  *Id.*

*The Parties' "Meet & Confer"*

On Friday, June 27, CoStar contacted LoopNet's counsel and proposed that the parties meet and confer in advance of the court-ordered scheduling conference on Wednesday, July 2 (which was set at the conclusion of the previous conference on June 20).  *Id.* ¶ 4.  LoopNet did not respond initially but, upon further prodding by CoStar, agreed yesterday to hold such a meeting today.  *Id.*  CoStar anticipated that the parties would discuss the expedited discovery requests that each had served and attempt to resolve any disputes in advance of the July 2 court conference.  *Id.* ¶ 5.  However, during the conference, LoopNet took the position that it was "not appropriate" to discuss CoStar's expedited discovery requests because CoStar had not filed a formal motion for expedited discovery.  *Id.*  As a result, the parties have had little or no substantive discussion about LoopNet's ability or willingness to comply promptly with CoStar's requests, which have been in LoopNet's hands for more than a week.  *Id.*

CoStar believes that LoopNet's position is unreasonable.  Both parties are seeking preliminary injunctive relief, and both parties are seeking expedited discovery.  There may be disagreements about the *scope* or *timing* of such discovery, but there should be no legitimate dispute about the *need for* or *appropriateness of* accelerated fact gathering.  Nevertheless, to put LoopNet's form-over-substance objection to rest, CoStar makes the following showing why it is entitled to expedited discovery in this matter.

## ARGUMENT

As LoopNet points out in its reciprocal motion, courts in this District apply a "flexible standard of reasonableness and good cause" in decided whether to permit expedited

1823256v.1

discovery. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326 (S.D.N.Y. 2005); *see also Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007) (same standard) (granting motion to expedite discovery).

Where, as here, preliminary injunctive relief is sought, courts routinely grant motions for expedited discovery. *See United States Navel Inst. v. Charter Communications Inc.*, 875 F.2d 1044, 1046 (2d Cir. 1989); *Twentieth Century Fox Film Corp. v. Mow Trading Corp.*, 749 F. Supp. 473 (S.D.N.Y. 1990); *Notaro v. Koch*, 95 F.R.D. 403, 405 n.3 (S.D.N.Y. 1982) (expedited discovery is particularly appropriate in preliminary injunction context were "a plaintiff could lack the information needed to succeed on a motion for a preliminary injunction, but still require fast relief"). This is especially true in cases such as this that seek a preliminary injunction to vindicate rights under the Lanham Act. *See, e.g., Francis S. Denney, Inc. v. I.S. Laboratories, Inc.*, 737 F. Supp. 247, 248 (S.D.N.Y. 1990); *Sasson Licensing Corp. v. Monte Carlo Shirt, Inc.*, No. 89 Civ. 5468 (MBM), 1989 WL 107616, at *1 (S.D.N.Y. Sept. 14, 1989); Fimab-Finanziaria *Maglificio Biellese Fratelli Fila S.p.A. v. Kitchen*, 548 F. Supp. 248 (S.D. Fla. 1982); *Winterland Concessions Co. v. Sileo*, 528 F. Supp. 1201, 1203-04 (N.D. Ill. 1981), aff'd, 830 F.2d 195 (7th Cir. 1987). Such discovery permits the parties to develop a full factual record so that the court can determine the merits of the application for preliminary injunctive relief.

The expedited discovery sought by CoStar here is reasonable and appropriate to permit the development of the facts prior to the preliminary injunction hearing. As set forth in CoStar's moving brief and supporting papers, CoStar's motion for a preliminary injunction seeks to stop LoopNet from disseminating a variety of false advertising claims, including that:

(1) LoopNet, not CoStar, offers the largest database of commercial real estate listings;

4

1823256v.1

(2) LoopNet has 2.75 million "registered members" who currently use its website and who "see[]" or "view[]" ads posted by LoopNet;

(3) LoopNet has 950,000 unique visitors to its website each month who "see[]" or "view[]" the ads that LoopNet posts;

(4) LoopNet's partnerships with newspapers generate an *additional* 18 million visitors to LoopNet's website each month; and

(5) in contrast to LoopNet, CoStar has "no marketing audience."

The expedited discovery requests that CoStar has served – and which are appended to the Declaration of Karla G. Sanchez filed concurrently herewith – all are directed to uncovering the facts that demonstrate the falsity of these claims.

For example, CoStar believes that LoopNet's claim that it offers the "largest database" of commercial real estate listings is false, and that LoopNet's database is actually only about 60% the size of CoStar's. To confirm this understanding, CoStar has sought expedited production of "[d]ocuments sufficient to show the number of commercial listings on LoopNet," and has requested that LoopNet produce a Rule 30(b)(6) witness for deposition on this subject. *See* Sanchez Decl. Exh. A (Request 17) and Exh. B (Topic 10). Similarly, LoopNet advertisers that it enjoys 950,000 unique visitors to its website each month, and that this figure does not include traffic from LoopNet's "exclusive network of newspaper web site partners[,] which generates more than 18 million unique visitors each month." To enable it to prove up the falsity of this claim, CoStar has sought narrow expedited discovery including "[d]ocuments sufficient to show whether traffic from online newspaper websites is [already] captured in LoopNet's claimed unique monthly visitor totals." *See* Sanchez Decl. Exh. A (Request 16). In addition, CoStar seeks a brief deposition of a Rule 30(b)(6) witness on "[h]ow traffic from LoopNet's online

5

newspaper partners is captured by the comScore data utilized by LoopNet to calculate its claimed unique visitors per month, or by LoopNet." *See* Sanchez Decl. Exh. B (Topic 9).

Much of LoopNet's false comparative advertising campaign in response to the market introduction of CoStar Showcase is built upon the false premise that LoopNet has a staggering online audience of "2.75 million registered users." CoStar contends that the "registered member" figure that LoopNet touts is merely a cumulative total – dating back to the company's inception in 1995 – of each and every instance in which an online user account has been set up on the LoopNet website, and that LoopNet's current or active audience is nowhere near the "2.75 million" figure it advertises. To determine the veracity of LoopNet's ads, CoStar seeks expedited production of documents sufficient to show, *e.g.*, the proportion of LoopNet's registered members that have logged onto LoopNet's website within the past month, the past six months, the past year, etc. *See* Sanchez Decl. Exh. A (Request 7). Similarly, CoStar has asked for documents sufficient to show any efforts by LoopNet to determine whether email addresses of "registered members" are invalid or otherwise inactive or duplicative, to track emails to "registered members" that have been returned as undeliverable, or to purge inactive, duplicative or invalid accounts from its "registered members" count. *See id.* (Requests 8-10, 12).[1] As in other instances, CoStar has paired these document requests with a request for a Rule 30(b)(6) deposition of a witness knowledgeable about these issues. *See* Sanchez Decl. Exh. B (Topics 2-7).

CoStar's expedited discovery requests are more than "reasonable" in light of (1) the issues raised by CoStar's motion for preliminary injunctive relief; (2) the targeted nature of the requested discovery and its importance to CoStar's claims; and (3) the importance of

---

[1] CoStar has also requested documents or data sufficient for CoStar to detect the presence of inactive or invalid accounts within LoopNet's "registered member" total. *See* Sanchez Decl. Exh. A (Request 11).

6

CoStar's motion to the preservation of the status quo. As set forth in CoStar's motion for a preliminary injunction, CoStar is in the process of launching a new product that is designed to compete head-to-head in LoopNet's core market. That effort may fail if LoopNet is permitted to continue its campaign of false and disparaging comparative advertising. CoStar has invested millions of dollars in the launch of CoStar Showcase, and has only a limited window of time in which to establish the product and achieve "critical mass." The expedited discovery sought by CoStar is essential to demonstrate the false and deceptive nature of LoopNet's advertising, so that CoStar can obtain the requested injunction and compete against LoopNet fairly in the marketplace.

Expedited discovery will not result in any undue hardship to LoopNet. As stated above, LoopNet itself is seeking expedited discovery in support of its tit-for-tat motion for preliminary relief.[2] There is no conceivable reason why only LoopNet and not CoStar would be entitled to such discovery. The vast majority of the document requests posed by CoStar seek only documents "sufficient to show" the relevant facts – not "all documents" that relate to the topic. In the few instances in which "all documents" are sought, the subject matter of the request is appropriately narrow and compliance with it should not be burdensome (*e.g.*, "all documents concerning CoStar Showcase" – a product that has been on the market only for a few weeks). *See* Sanchez Decl. Exh. A (Request 1).

Finally, the deposition notices served by CoStar are reasonable and do not impose undue hardship on LoopNet. In addition to the Rule 30(b)(6) notices already described, CoStar has sought depositions of two individuals: LoopNet's CEO and its chief marketing officer.

---

[2] LoopNet did not indicate that it planned to move for preliminary relief until *after* CoStar informed the Court and LoopNet that it intended to do so. Even once it made that decision, LoopNet took weeks to file its motion, much of which is addressed to ads that first ran and claims that first appeared more than a month and a half ago.

7

1823256v.1

Sanchez Decl. Exh. C. The former deposition is essential because several promotional statements and admissions on which CoStar's motion is based were made by (and only by) its chief executive; the latter is appropriate because the individual presumably is highly knowledgeable about LoopNet's marketing response to the launch of CoStar Showcase. As LoopNet asserts in its own motion for preliminary relief, "LoopNet and CoStar are the *only two entities* of any significant size competing in this market," and CoStar Showcase is "the most serious commercial threat that LoopNet currently faces." LoopNet Mem., Docket # 29 at 23-24 (emphasis in original). CoStar is willing to make its chief executive available for deposition and, given the stakes and importance of this litigation to the parties' businesses, there is no reason why LoopNet should not be required to do the same.

*    *    *

As stated at the outset, CoStar has been and is prepared to engage in reasonable discussions about the scope of each party's expedited discovery requests. But there is no *bona fide* basis to dispute whether such discovery should be permitted, and it is unfortunate that LoopNet has used the formality of a motion such as this as an excuse to avoid such discussions to date.

## CONCLUSION

For the foregoing reasons, CoStar's motion for expedited discovery should be granted, and LoopNet should be ordered to respond on an expedited basis to the discovery requests served by CoStar on June 23, 2008.

Dated: July 1, 2008

1823256v.1

        Respectfully submitted,


        PATTERSON BELKNAP WEBB & TYLER LLP


By:    */s/ Steven A. Zalesin*
     Steven A. Zalesin (SZ 0901)
     Karla G. Sanchez (KS 7247)
     Adeel A. Mangi (AM 5322)
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

WILMER CUTLER PICKERING HALE AND DORR LLP
     Patrick J. Carome (admitted *pro hac vice*)
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363


*Attorneys for Plaintiff CoStar Group, Inc.*

Of counsel:

    Christopher Winters, Esq.
    CoStar Group, Inc.