Steven A. Zalesin (SZ 0901)
Karla G. Sanchez (KS 7247)
Adeel A. Mangi (AM 5322)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

*Attorneys for Plaintiff CoStar Group, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSTAR GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 08-CV 1156 |
| | ) |
| v. | ) |
| | ) **DECLARATION OF KARLA G.** |
| LOOPNET, INC., | ) **SANCHEZ IN SUPPORT OF COSTAR'S** |
| | ) **MOTION FOR EXPEDITED** |
| Defendant. | ) **DISCOVERY** |
| | ) |

------------------------------------------------------- X

| | |
|---|---|
| LOOPNET, INC., | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COSTAR GROUP, INC., and COSTAR REALTY INFORMATION, INC. | ) |
| | ) |
| Counterclaim Defendant. | ) |

**KARLA G. SANCHEZ,** under penalty of perjury, declares as follows:

1.    I am a member of Patterson Belknap Webb & Tyler LLP, counsel for CoStar Group, Inc. and CoStar Realty Information, Inc. (collectively "CoStar"), in the above-referenced action. I submit this declaration, based upon my personal knowledge, unless where otherwise indicated, in support of CoStar's Motion for Expedited Discovery.

2.    On June 23, 2008, I served LoopNet with CoStar's requests for expedited discovery.

3.    At approximately 7:00 p.m. last night, June 30, LoopNet filed a Preliminary Injunction Motion and a Motion for Expedited Discovery. Attached to LoopNet's Motion for Expedited Discovery was a Request for Production of Documents and a 30(b)(6) Notice of Deposition. This was the first time LoopNet identified what expedited discovery it would seek in connection with its Preliminary Injunction Motion.

4.    Previously, on Friday, June 27, I contacted LoopNet's counsel and proposed that the parties meet and confer in advance of the court-ordered Wednesday, July 2 conference. After hearing no response, on Monday, June 30, I once again asked LoopNet whether we could set up a conference time. They agreed to hold such a conference today.

5.    We anticipated that we would discuss the expedited discovery requests that each party had served and attempt to resolve any disputes before the July 2 court conference. However, LoopNet took the position that it was "not appropriate" to discuss CoStar's expedited discovery requests because CoStar had not filed a formal motion for expedited discovery. Thus, the parties had little substantive discussion about LoopNet's ability or willingness to comply with CoStar's requests, which were served over a week ago.

6.    Attached as Exhibit A is a copy of CoStar Group Inc.'s First Expedited Set of Requests for Production to Defendant LoopNet, Inc., served on June 23, 2008.

7.    Attached as Exhibit B is a copy of CoStar Group Inc.'s First Expedited Rule 30(b)(6) Deposition Notice, served on June 23, 2008.

8.    Attached as Exhibit C is a copy of CoStar Group Inc.'s First Expedited Deposition Notice, served on June 23, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed at New York, NY this 1st day of July, 2008.


                                        /s/ Karla Sanchez
                                        Karla G. Sanchez

# EXHIBIT A

Steven A. Zalesin (SZ 0901)
Karla G. Sanchez (KS 7247)
Adeel A. Mangi (AM 5322)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

*Attorneys for Plaintiff CoStar Group, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| COSTAR GROUP, INC., ) <br> Plaintiff, ) <br> v. ) <br> LOOPNET, INC., ) <br> Defendant. ) | Case No. 08-CV-1156 (GBD) |

## PLAINTIFF COSTAR GROUP, INC.'S FIRST EXPEDITED SET OF
## REQUESTS FOR PRODUCTION TO DEFENDANT LOOPNET, INC.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the plaintiff, CoStar

Group, Inc. ("CoStar"), hereby requests that the defendant LoopNet, Inc. ("LoopNet"), produce

for inspection and copying the documents and things identified below at the offices of Patterson

Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, within thirty (30) days of the

service of this Request, or at such other time and place as may be ordered by the Court or agreed to by the parties.

## DEFINITIONS AND INSTRUCTIONS

1.    The Document Requests herein shall be deemed to include any and all documents and things within the possession, custody, or control of LoopNet.

2.    LoopNet shall respond with all responsive information.  With respect to any document responsive to this Request that is withheld from production based upon a claim of privilege, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2, identifying without limitation: 1) the type of document withheld; 2) its date, if any; 3) its possessor; 4) the name, position and business affiliation of its author(s) and recipient(s); 5) its general subject matter; 6) the number of pages; 7) the paragraph of the Request to which it is responsive; and 8) the nature of the privilege claimed.

3.    Pursuant to Local Civil Rule 26.2(c), where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis for such assertion, the information set forth in paragraph (2) above shall be furnished in writing at the time of the response to such discovery, unless otherwise ordered by the court.

4.    If, for reasons other than a claim of privilege, you refuse to produce any document requested herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal, including, but not limited to, a description of 1) the type of document withheld; 2) its date, if any; 3) its possessor; 4) the name, position and business affiliation of its author(s) and recipient(s); 5) its general subject matter; 6) the number of pages; and 7) the paragraph of the Request to which it is responsive.

- 2 -

1741862v.3

5.    If LoopNet objects or otherwise refuses to respond or produce documents in response to any portion of a document request, LoopNet shall provide all documents and information called for by that portion of the request for production that LoopNet does not object to and/or which LoopNet does not refuse to respond as follows:

(a)    If LoopNet objects to a document request on the ground that it is too broad (i.e., if LoopNet believes it calls for information outside the scope of permissible discovery as defined by Rules 26 and Rule 34 of the Federal Rules of Civil Procedure), LoopNet shall produce documents and things in response to that Request by producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;

(b)    If LoopNet objects to a document request on the ground that to produce documents and things would constitute an undue burden, then LoopNet shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

(c)    If LoopNet objects to any portion of a document request on the ground that it is vague or indefinite, then LoopNet shall set forth its understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

6.    In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

7.    If any of the documents requested herein are no longer in LoopNet's possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies, and provide a

summary of its pertinent contents and identify the person or entity in whose possession, custody, or control the document was last known to reside.

8.    If any document responsive to these Requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

9.    The documents produced in response to these Requests shall be organized and designated to correspond to the categories in these Requests or, if not, produced as they are maintained in the normal course of business, and in either case:

(a)    all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian;

(b)    all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies;

(c)    all photocopies shall be stapled or clipped as the originals; and

(d)    each page shall be given a discrete production number.

10.    Produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

11.    Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York. These Requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

12.    Words and phrases are to be given their ordinary meaning and shall not be unduly or restrictively construed so as to avoid responding to the fair scope of the interrogatories.

- 4 -

13.     None of the definitions or Requests set forth below shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition or Request.

a.     The terms "and/or," "all/each," "concerning," "person," and "parties," respectively, shall have the corresponding meaning set forth for such terms in Local Civil Rule 26.3.

b.     The term "relating to" shall have the same meaning as the term "concerning."

c.     The term "including" shall be construed broadly to mean "including but not limited to" or "including without limitation."

14.     The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

15.     As used herein, "any" and "all" shall each be construed to mean "any and all," so as to acquire the broadest meaning possible.

16.     As used herein the present tense shall also include the past tense.

17.     "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Request inclusive rather than exclusive.

18.     "Each" shall be construed to include and encompass "all."

19.     Any pronoun shall be construed to refer to the masculine, feminine or neutral gender, in singular or plural, as in each case is most appropriate.

20.     "CoStar" means CoStar Group Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents,

- 5 -

attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

21.    "LoopNet" means LoopNet Inc. and/or all its past or present predecessors, successors, partners, investors, corporate parents, affiliated companies or corporations, divisions, departments, direct or indirect subsidiaries, officers, directors, employees, principals, agents, attorneys, servants, representatives, and all other persons acting, or purporting to act, on its or their behalf.

22.    "LoopNet's Website" shall refer to the website owned and operated by LoopNet and made available through url http://www.loopnet.com and any other such urls owned by LoopNet.

- 6 -

## **EXPEDITED DOCUMENT REQUESTS**

### **Document Request 1**

All documents concerning CoStar Showcase.

### **Document Request 2**

All LoopNet advertising generated or disseminated on or after January 1, 2008.

### **Document Request 3**

All documents regarding LoopNet's use of the following terms in advertising and any other public statements:  (i) "registered members"; (ii) "registered users"; (iii) "unique visitors;" (iv) "newspaper web site partners"; or (iv) "the largest database of commercial listings."

### **Document Request 4**

Documents sufficient to show the substantiation upon which LoopNet relies for each of the following phrases in LoopNet's advertising: "over 2.75 million registered members"; "950,000 unique visitors each month"; "and that doesn't include the traffic from our exclusive network of newspaper partner web site partners which generates more than 18 million unique visitors each month"; and "the largest database of commercial listings."

### **Document Request 5**

All documents reflecting questioning of, by any source, LoopNet's use of the phrases: "over 2.75 million registered members"; "950,000 unique visitors each month"; "and that doesn't include the traffic from our exclusive network of newspaper partner web site partners which generates more than 18 million unique visitors each month"; and "the largest database of commercial listings."

### **Document Request 6**

All documents reflecting what readers of the phrases "registered members," or "users" understand those phrases to mean.

### **Document Request 7**

Documents sufficient to show what proportion of the email addresses for LoopNet's claimed registered members remain active and what proportion of LoopNet's claimed registered members have logged into or used its website; (a) at any time after the day of their initial registration; (b) at any time in the past year; (c) at any time in the last 6 months; and (d) at any time in the last 30 days.

### **Document Request 8**

Documents sufficient to show any efforts by LoopNet to determine whether the e-mail addresses provided by LoopNet's "registered members" are invalid or otherwise inactive.

- 7 -

1741862v.3

### Document Request 9

Documents sufficient to show efforts by LoopNet to determine whether "registered member" accounts are duplicative.

### Document Request 10

Documents sufficient to show any efforts by LoopNet to track e-mails to "registered members" that were returned as undeliverable.

### Document Request 11

Documents or data sufficient for CoStar to conduct an analysis to determine whether the email addresses provided by LoopNet's "registered members" are (a) duplicative as opposed to unique individuals, (b) invalid, and/or (c) returned as undeliverable or otherwise inactive.

### Document Request 12

Documents sufficient to show any efforts by LoopNet to purge inactive, duplicate, invalid, or otherwise valueless accounts from LoopNet's count of "registered members."

### Document Request 13

Documents sufficient to show the numbers of unique monthly visitors to Loopnet.com from January 1, 2006 to present, both as counted by LoopNet and any third-party sources.

### Document Request 14

Documents sufficient to show the proportion of unique monthly visitors who viewed property listings on LoopNet's website.

### Document Request 15

Documents sufficient to show the terms of LoopNet's "partnerships" with online newspaper websites.

### Document Request 16

Documents sufficient to show whether traffic from online newspaper websites is captured in LoopNet's claimed unique monthly visitor totals.

### Document Request 17

Documents sufficient to show the number of commercial listings on LoopNet.

- 8 -

**Document Request 18**

LoopNet's current organizational charts and document retention policies.

Dated: June 23, 2008

Respectfully submitted,

_Karla S. Sanchez_

Steven A. Zalesin
Karla G. Sanchez
Adeel A. Mangi
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone 202-663-6000
Facsimile 202-663-6363

*Attorneys for Plaintiff CoStar Group, Inc.*

Of counsel:

Christopher Winters, Esq.
CoStar Group, Inc.

1741862v.3

# EXHIBIT B

Steven A. Zalesin (SZ 0901)
Karla G. Sanchez (KS 7247)
Adeel A. Mangi (AM 5322)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

*Attorneys for Plaintiff CoStar Group, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSTAR GROUP, INC., | ) |
| Plaintiff, | ) Case No. 08-CV-1156 (GBD) |
| v. | ) |
| LOOPNET, INC., | ) |
| Defendant. | ) |

## PLAINTIFF COSTAR GROUP, INC.'S FIRST EXPEDITED RULE 30(b)(6) DEPOSITION NOTICE

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30 of the Federal Rules

of Civil Procedure, the plaintiff, CoStar Group, Inc. ("CoStar"), will take the deposition upon

oral examination of defendant LoopNet, Inc. ("LoopNet") on August 4, 2008 at 9:30 a.m., or

other date agreed to by the parties or ordered by the Court, and continuing thereafter until

completed, at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas,

New York, New York 10036, before a Notary Public or other officer fully authorized to

1

administer oaths.  The examination will be recorded by stenographic and/or videographic means. You are invited to attend and cross-examine.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, LoopNet is required to designate one or more appropriate persons to testify on its behalf with respect to each of the topics set forth in the attached Exhibit A, and the person(s) so designated shall be required to testify as to each of those topics known or reasonably available to the corporation.

Pursuant to Rules 30(b)(5) and 34, the deponent is directed to produce no later than July 28, 2008 all documents and tangible things in deponent's possession, custody, or control related in any way to the matters set forth in the attached Exhibit A and previously requested in Plaintiffs' First Set of Expedited Requests for Production served on June 23, 2008.

Dated:  New York, New York
        June 23, 2008

Steven A. Zalesin
Karla G. Sanchez
Adeel A. Mangi
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

2

1781107v.1

Patrick J. Carome
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone 202-663-6000
Facsimile 202-663-6363

*Attorneys for Plaintiff CoStar Group, Inc.*

Of counsel:

      Christopher Winters, Esq.
      CoStar Group, Inc.

3

# EXHIBIT A

Defendant LoopNet, Inc. is requested to designate one or more officers, directors, managing agents, or other persons who consent to testify on behalf of the corporation who have knowledge on the matters set forth herein.

## DEFINITIONS

A.    Plaintiffs incorporate by reference the Definitions set forth in Plaintiffs' First Set of Expedited Requests for Production served on June 23, 2008.

## TOPICS

1.    LoopNet's competitive strategy vis-à-vis CoStar.

2.    The method by which LoopNet calculates the total number of its "registered members."

3.    LoopNet's efforts to determine the number of registered members whose e-mail addresses are no longer active or are otherwise invalid.

4.    LoopNet's recordkeeping efforts with respect to LoopNet e-mails sent to registered members and returned as undeliverable.

5.    The proportion of LoopNet's "registered members" that have used its website within: (i) the last month; (ii) the last three months; (iii) the last six months; (iv) the last year; and (v) the last five years.

6.    How LoopNet determines the number of unique individuals who log into its site with a password over a specified period of time (*e.g.*, a week, a month, a year).

7.    The number of registered members that log into LoopNet's website on a (i) monthly basis, and (ii) quarterly basis.

4

8.    How LoopNet calculates its claim that there are "950,000 unique visitors per month" to its website.

9.    How traffic from LoopNet's online newspaper partners is captured by the comScore data utilized by LoopNet to calculate its claimed unique visitors per month, or by LoopNet.

10.    The number of commercial listings on LoopNet.

1781107v.1

# EXHIBIT C

Steven A. Zalesin (SZ 0901)
Karla G. Sanchez (KS 7247)
Adeel A. Mangi (AM 5322)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

*Attorneys for Plaintiff CoStar Group, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSTAR GROUP, INC., ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> LOOPNET, INC., ) <br><br> Defendant. ) | Case No. 08-CV-1156 (GBD) |

## PLAINTIFF COSTAR GROUP, INC.'S FIRST EXPEDITED DEPOSITION NOTICE

PLEASE TAKE NOTICE that plaintiff CoStar Group, Inc. will take the depositions upon oral examination of the persons named below. The depositions will commence on the dates listed below at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036, and will be taken before an officer fully authorized to administer oaths and will continue from day to day thereafter until completed. The depositions

1

will be taken by stenographic and/or videographic means. You are invited to attend and cross-examine.

Richard Boyle, August 11, 2008 at 9:30 am

Thomas Byrnes, August 12, 2008, at 9:30 am

Dated:  New York, New York
        June 23, 2008

_Karla G. Sanchez_

Steven A. Zalesin
Karla G. Sanchez
Adeel A. Mangi
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone 212-336-2000
Facsimile 212-336-2222

Patrick J. Carome
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone 202-663-6000
Facsimile 202-663-6363

*Attorneys for Plaintiff CoStar Group, Inc.*

Of counsel:

Christopher Winters, Esq.
CoStar Group, Inc.

2