UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CO STAR GROUP, INC.,

         Plaintiff,

   -v.-

LOOPNET, INC.,

         Defendant.
------------------------------------------------------------x

ORDER

08 Civ. 1156 (GBD) (GWG)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    LoopNet, Inc.'s motion for expedited discovery (Docket # 24) is granted without opposition. CoStar Group, Inc.'s motion for expedited discovery (Docket # 34) is also granted.

    In addition, the Court makes the following rulings with respect to disputes raised in the parties' briefing: (1) the Court will permit expedited and appropriately tailored discovery concerning LoopNet's "registered members" and the number of individuals who "log on" to LoopNet's website; (2) organizational charts (and retention policies) shall be provided forthwith; and (3) the parties are directed to confer in an attempt to resolve the issue of the remaining "all documents" requests so that the burden associated with responding to these requests may be minimized.

    With respect to the depositions of Mr. Boyle and Mr. Byrne, these depositions are temporarily stayed until after all other discovery is completed (or is about to be completed) so that the Court may have a complete record regarding the propriety of such depositions. Either LoopNet or CoStar may send a letter to the Court at the appropriate time indicating that the issue is ripe for decision and may supplement the record (by letter or otherwise) with any additional documents, including affidavits, necessary to the parties' presentation of the issue.[1]

    Having recognized the need for expedited discovery, the Court is hopeful that the parties can reach agreement with respect to any specifics regarding scope and timing. Their letters suggest that this is possible. The Court notes that it will not penalize a party that, in order to avoid bringing a discovery dispute before the Court, agrees to engage in discovery that it

---

[1] The Court notes that affidavits are typically provided in support of a request to issue a protective order of the kind sought here. See, e.g., General Star Indem. Co. v. Platinum Indem. Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002).

believes calls for production of irrelevant information or for a deposition that could be the subject of a protective order.

      The Court expects the parties to follow paragraph 2.A of this Court's Individual Practices with respect to any future disputes. To effectuate the requirement that the parties confer regarding any dispute, any telephone call to opposing counsel made during business hours should, barring unusual or extenuating circumstances, be returned on the same business day. The Court notes that it expects to be unavailable during the period August 18 through 22, 2008.

      SO ORDERED.

Dated: New York, New York
       July 11, 2008

                                      GABRIEL W. GORENSTEIN
                                      United States Magistrate Judge