UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8-13-08
```

-----------------------------------------------------------------X

CO STAR GROUP, INC.,                              :

                  Plaintiff,                        :        ORDER

    -v.-                                              :

                                   08 Civ. 1156 (GBD) (GWG)

LOOPNET, INC.,                                     :

                  Defendant.                       :

-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       The Court is in receipt of letters dated August 7, 2008 and August 11, 2008 from the parties regarding a proposed confidentiality order.

       The Court sees no need for a conference at this time. The purpose of a confidentiality order is to avoid needless court review of confidentiality designations. To the extent parties disagree on the treatment to be accorded particular discovery materials – including whether in-house counsel should be barred from viewing ceratin materials – such an order provides a mechanism for the dispute to be resolved in the context of specific designations.

       Accordingly, the parties should attempt to agree on a proposed order that provides for three tiers: (1) ordinary confidential treatment; (2) attorneys'-eyes only; and (3) outside attorneys'-eyes only. There is no need to define the type of material that may be designated as falling within each category – other than to say that the party designating such material must have a good faith argument that the level of protection sought for the material would be justified by Rule 26(c)(1).

       In the event that the defendant designates any material as "outside attorneys'-eyes only," plaintiff will be free to object, raising the arguments it makes in its letter or any other arguments. It may be that, as plaintiff argues, there is no material deserving of such treatment. But the Court can decide this issue only in the context of specific designations (and, potentially, additional information on the attorneys' role in the company).

       As for the matter of whether the in-house attorneys should count for purposes of the four employees allowed access to ordinary confidential materials, the Court believes that all employees of a party, including attorneys, should count towards this number. Perhaps the parties can agree to a higher number for each side to accommodate any need by plaintiff for additional personnel to view the materials. If not, the parties can include a mechanism for seeking leave from the Court to include additional employees where a showing of necessity is made.

       The parties are directed to confer again regarding the contents of the protective order. If, following full discussion, the parties cannot agree on the content of the order, they should each

submit their proposed version, describing specifically the differences between the texts in a cover letter.  The Court will then enter the order it deems appropriate.

      SO ORDERED.

      Dated:  New York, New York
            August 13, 2008

                                        GABRIEL W. GORENSTEIN
                                        United States Magistrate Judge