UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COSTAR GROUP, INC.,

                     Plaintiff,      No. 08-CV-1156 (GBD) (GWG)

      v.

LOOPNET, INC.,

                     Defendant and Counterclaim Plaintiff.
---------------------------------------------------------------X
LOOPNET, INC.,

                     Counterclaim Plaintiff,

      v.

COSTAR GROUP, INC., and COSTAR
REALTY INFORMATION, INC.,

                     Counterclaim Defendants.
---------------------------------------------------------------X

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

      IT IS HEREBY STIPULATED AND AGREED by and among LoopNet, Inc., ("LoopNet") and CoStar Group, Inc. and CoStar Realty Information, Inc. ("CoStar") (collectively, the "Parties," individually, a "Party"), through their undersigned counsel, that the following procedures shall govern the confidential status of protected information in the above-entitled action (the "Action").

      The Parties recognize that the Parties and non-parties may be required to disclose confidential, trade secret, or private information in the Action. To protect against the improper use or disclosure of such information, the Parties agree that good cause exists for the entry of this Protective Order in the Action and accordingly stipulate as follows:

### SCOPE OF STIPULATION AND ORDER

1. This Protective Order shall govern all Discovery Materials (as defined below) produced or disclosed in this Action. Any Party or non-party (or their respective counsel, retained experts, directors, officers, employees, or agents) shall have the right to designate as confidential and subject to this Protective Order any Confidential Material (as defined below).

2. A "Producing Party" shall refer to a Party or non-party producing Discovery Materials under this Protective Order. A "Receiving Party" shall refer to the party to whom the Discovery Materials are produced. A "Designating Party" shall refer to the Party or non-party that designates material as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only."

3. The term "Discovery Materials" shall include Documents (as defined below); written discovery and written responses to discovery; deposition transcripts and audio and video recordings of depositions; court filings; expert reports; or other things or material as may be produced or disclosed during the course of the Action pursuant to discovery, court order, testimony, or offered in any court filing.

4. The term "Documents" shall mean every means of recording any form of communication upon any tangible thing, including "Computerized Material," which shall be defined as including information, databases, or programs stored electronically, digitally or magnetically on computers, hard drives, DVDs, CD-ROMs, discs, networks, or tape.

### DESIGNATION OF CONFIDENTIAL MATERIAL

5. A Designating Party may designate as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only," any Discovery Material that the Designating Party believes in good faith and as justified under Rule 26(c)(1): (*i*) constitutes or contains trade secrets or other confidential research, development, or commercial information, (*ii*) information subject to a legally cognizable right of privacy; or (*iii*) information that the Designating Party believes is subject to a duty of confidentiality. The Designating Party may designate as "Confidential –

2

Attorneys' Eyes Only" or "Confidential – Outside Attorneys' Eyes Only" only such portion of such material that, if disclosed beyond counsel, poses a substantial risk of causing the Designating Party significant and demonstrable competitive harm and the Designating Party's legitimate interests in confidentiality are not sufficiently protected by the designation of such materials as "Confidential" or "Confidential – Attorneys' Eyes Only" as the case may be.

6. Discovery Materials designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" are referred to herein as "Confidential Material."

7. To designate Discovery Materials as Confidential Material, the Designating Party or counsel should, prior to its production, mark the Discovery Material with the legend "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only," or with a substantially comparable legend.

8. If the Producing Party in good faith believes that only a portion of the Discovery Material is entitled to treatment as Confidential Material, only that portion entitled to such treatment should be marked as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only."

9. With respect to Computerized Material produced in native file formats in this Action, the Producing Party may designate such matter as Confidential Material by cover letter identifying the Computerized Material to be designated as Confidential Material, and by marking the exterior of the produced media containing the Confidential Material with a "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" designation.

10. With respect to the production of Computerized Material produced in non-native electronic formats (such as single page TIFF files), the Designating Party shall, by cover letter, identify the Computerized Material as containing documents designated "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" and mark as "Confidential," "Confidential – Attorneys' Eyes

3

Only," or "Confidential – Outside Attorneys' Eyes Only" each page of each file containing Confidential Material. Nothing in this paragraph should be interpreted, however, as relieving any Party of any obligation it may be under to produce Computerized Material in a particular format.

11. With respect to any deposition or testimony, a Party or non-party may designate as Confidential Material those portions of a transcript (including exhibits) that the Party or non-party believes in good faith merit protection as Confidential Material by any one of the following means:

    a. Stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated; and causing the court reporter to mark the cover page of the transcript with the legend "Containing Confidential, Confidential – Attorneys' Eyes Only or Confidential – Outside Attorneys' Eyes Only Material Pursuant to Protective Order."

    b. Sending written notice to the Receiving Party and the court reporter within 14 calendar days of service of the deposition transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated. Deposition testimony shall be treated as "Confidential," "Confidential – Attorneys Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" material during this 14-day period.

### INADVERTENT FAILURE TO DESIGNATE

12. Any inadvertent failure to designate Discovery Materials as Confidential Materials shall not constitute a waiver of the Producing Party's right to so designate such Discovery Material at a later date, provided that the Producing Party promptly serves a written notice upon the Receiving Party upon learning of the incorrect designation, along with a replacement copy of such Discovery Materials marked with the appropriate legend.

13. Upon receipt of such notice, the Receiving Party shall then take reasonable steps to destroy or return to the Producing Party all unmarked or mismarked copies of such Discovery Materials within 14 calendar days and certify in writing that it has done

4

so. The Receiving Party will not be in violation of this Protective Order for any disclosure otherwise consistent with this Protective Order made prior to their redesignation of Discovery Materials inadvertently produced without a "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" legend.

### RESTRICTIONS ON DISCLOSURE AND USE OF CONFIDENTIAL MATERIAL

14. All Confidential Material produced in the Action shall be used for the purposes of litigating this Action only and for no other purpose whatsoever, except that, to avoid duplicative discovery burdens, Confidential Material subject to this Protective Order may be used in the litigation between the Parties currently pending in the Superior Court of California for the County of Los Angeles (Case No. BC 380863) (the "California Action") provided that such use conforms with this Order.

15. Discovery Materials marked "Confidential" may be disclosed only to the following persons:

    a. Four designated officers, directors, or employees of a Party who that Party deems necessary to aid in the prosecution, defense, or settlement of this Action. Those designated individuals are:

        i) *For CoStar,*
- (1) Andy Florance, President and CEO
- (2) Jon Coleman, General Counsel & Secretary
- (3) Christopher Winters, Deputy General Counsel
- (4) Daniel Kimball, Vice President of Marketing

        ii) *For LoopNet,*
- (1) Richard Boyle, CEO
- (2) Thomas Byrne, President and COO
- (3) Jason Greenman, Senior Vice President
- (4) Wayne Warthen, Senior Vice President

    b.    Outside counsel of record in this Action or the California Action for any Party, and their associates, paralegals, clerical or support staff.

    c.    Employees of outside copying, printing, litigation services, or discovery vendors retained by the Parties or their counsel, and for the sole purpose of assisting a Party or its counsel in conducting the litigations between the Parties.

    d.    Experts, consultants or investigators, jury consultants (including their employees, associates and/or support staff, including mock jurors) retained by a Party or its counsel in connection with the litigations between the Parties.

    e.    Any mediator or arbitrator that the parties have agreed in writing to use or have been ordered to use in connection with the litigations between the Parties.

    f.    The Court and its personnel, court reporters, and videographers used in connection with the litigations between the Parties and trier(s) of fact.

    g.    Other persons jointly approved in writing or on the record by the Parties.

    h.    Deposition and trial witnesses, but only for the purposes of the litigations between the Parties and only either (i) at deposition or trial, or (ii) to prepare a witness for deposition or trial, and subject to the following:

> (1) In the event that Confidential Material is used at a deposition, it is hereby Ordered that each such witness is bound by the terms of this Order. Counsel for the party using such material shall provide the witness a copy of this Protective Order.
>
> (2) Except if allowed under subparagraphs 15(a) and (i), a Party may not disclose to a witness who is its own officer, director, shareholder, owner or employee another Party's Confidential Material, unless disclosure is otherwise agreed to or ordered.

6

      i.      The author of that Confidential Material; any person who prepared, received, or reviewed that particular Confidential Material prior to the date that it was produced in this Action.

16. Discovery Materials marked "Confidential – Outside Attorneys' Eyes Only" shall only be disclosed to those persons referred to in subparagraphs 15(b)–(i). To the extent that persons referred to in subparagraphs 15(b)–(h) include a Party's officers, directors, shareholders, owners, or employees, a Party is not permitted to disclose another Party's Discovery Materials marked "Confidential – Outside Attorneys' Eyes Only" to a Party's own officers, directors, shareholders, owners, or employees, except on consent. Discovery Materials marked "Confidential – Attorneys' Eyes Only" shall only be disclosed to those persons who may review documents marked "Confidential – Outside Attorneys' Eyes Only," and individuals enumerated in subparagraph 15(a) who are attorneys. Nothing in this paragraph shall prohibit a Party from disclosing its own Confidential Material as it deems appropriate. (See paragraph 18 *infra*.)

17. Confidential Material designated shall not be disclosed to any person referred to in subparagraphs 15(a), (d) and (e) above unless and until such person has been provided with a copy of this Order, has been informed that the Order's provisions shall apply to him or her, and has signed the undertaking attached hereto as Exhibit A. The counsel for the Party wishing to disclose the Confidential Material to such person shall maintain the original signed undertaking. In the case of any person referred to in subparagraph 15(a), copies of the signed undertaking shall be provide to the opposing Party within 30 days of the execution of the undertaking. In instances involving disclosure to persons referred to in subparagraph 15(d), only the experts, consultants, or investigators themselves will be required to sign an undertaking agreeing to the terms of this Order; said individuals shall be required to inform their respective employees, associates and/or support staff of the obligation of confidentiality associated with this Order and to inform them that disclosure of Confidential Material in violation of this Order is prohibited.

18.    Nothing herein shall be construed to limit in any way a Party's use of its own Confidential Material.

### INDEPENDENTLY OBTAINED INFORMATION

19.    This Protective Order shall not apply to documents or information that was or is independently acquired from a source other than the Parties or a non-party providing materials under this Protective Order; or was lawfully possessed by a non-designating Party (or its counsel) prior to disclosure by the Producing Party.

### DISCLOSURE OF CONFIDENTIAL MATERIAL TO THE COURT

20.    No materials designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only," nor any pleading, memorandum of law, motion, or other document disclosing such materials (collectively, "Confidential Records"), shall be filed with the Court except as provided herein:

21.    Where reasonably practicable, only those portions of Confidential Records that consist of materials designated as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" shall be sealed or sought to be sealed. All Confidential Material that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers. Said envelope or container shall not be opened without further order of the Court except by the Court or counsel of record, who shall return the document to the Clerk in a sealed envelope or container.

22.    Confidential Material that lawfully becomes part of the public record of this Court shall no longer be deemed covered by this Order.

### CONFIDENTIAL MATERIAL SUBJECT TO SUBPOENA OR OTHER COMPULSORY PROCESS

23.    Nothing in this Protective Order shall prevent a Receiving Party from complying with a valid subpoena or other compulsory process that requires production or disclosure of materials designated as Confidential Material, provided, however, that any Party in possession of Confidential Material who receives a subpoena (or other compulsory process) from any person (including natural persons, corporations,

partnerships, firms, governmental agencies, departments, bodies, boards or associations) who is not a party to this Order, seeking production or other disclosure of such Confidential Material, shall promptly give telephonic notice, and written notice by email to counsel for the Producing Party enclosing a copy of the subpoena or other compulsory process. The Receiving Party, furthermore, shall take reasonable steps to enable the Producing Party an opportunity to object or seek relief to prevent or limit the disclosure of its Confidential Material.

24. In no event shall production or other disclosure of the Confidential Material pursuant to the subpoena or compulsory process be made before the later of: (1) ten days following the date on which notice is given, or (2) the return date of the subpoena or compulsory process.

### OTHER REMEDIES AND RELIEF ARE NOT LIMITED

25. Nothing in this Order shall be construed as preventing any Party from objecting to any "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" designation. Upon receipt of any such objection, the Designating Party or non-party and the objecting party shall attempt in good faith to resolve any disagreement concerning the designation. Except during the period of expedited discovery, the Designating Party shall have five business days to respond to any objection, unless otherwise agreed by the Parties. In the event that an informal resolution is not reached, the objecting Party may seek appropriate relief from the Court. The Designating Party bears the burden of showing that the "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only" designation is warranted. Notwithstanding any challenge to a designation, the designation shall remain in full force and effect pursuant to the terms of this Protective Order until such time as the Court rules that the Discovery Material at issue does not warrant treatment as "Confidential," "Confidential – Attorneys' Eyes Only," or "Confidential – Outside Attorneys' Eyes Only."

9

26. Nothing herein shall prevent any party from seeking by Court order further, greater or lesser protection with respect to the use of any Confidential Material in connection with this Action.

27. Any person may move the Court for a modification of or relief from the terms of this Order at any time. The Court may modify or grant relief from the terms of this Order if the circumstances so require.

28. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests.

### INADVERTENT PRODUCTION DOES NOT WAIVE PRIVILEGES

29. No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine, and the inadvertent production of such documents does not waive any privilege or immunity, so long as, as soon as reasonably possible after learning of the inadvertent disclosure, the Producing Party serves a request identifying the Discovery Material and privilege involved, and requesting the return of all copies of the inadvertently produced Discovery Material. Upon receipt of such notice, the Receiving Party shall immediately take reasonable efforts to return or destroy all copies of the inadvertently-produced Discovery Material identified, and certify in writing that it has done so. Nothing in this Paragraph, however, shall prevent the Receiving Party from contesting the claim of privilege.

### INADVERTENT OR UNAUTHORIZED DISCLOSURE

30. If a Receiving Party discloses Confidential Material, through inadvertence or otherwise, to any person not authorized under this Protective Order to receive that information, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Confidential Material and to bind the person to whom the material was disclosed to the terms of this Protective Order.

31. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately

10

to the Producing Party; and (c) request such person to execute the Agreement attached hereto as Exhibit A.

32. The foregoing shall not relieve a party of liability, if any, for disclosing Confidential Material in violation of this Protective Order.

### RETURN/DESTRUCTION OF CONFIDENTIAL MATERIAL AFTER LITIGATION ENDS

33. Confidential Material, at the option of the Producing Party, shall be returned to the Producing Party (with the cost of shipping borne by the Producing Party), or destroyed within sixty days after a final court order terminating the Action and the California Action between the Parties, except as specifically authorized below. With respect to Confidential Material stored on a litigation review database, it shall be destroyed, with original Discovery Materials produced on Computerized Material returned to the Producing Party or destroyed at the election of the Producing Party as described above.

34. Upon request, each Receiving Party shall provide the Producing Party with a letter certifying that all Confidential Material required to be returned or destroyed pursuant to the provisions of this Protective Order has been returned or destroyed.

35. Nothing contained herein shall prevent designated outside counsel for each Party from maintaining a complete file (including drafts) of all pleadings, affidavits, motions, briefs, notes, memoranda, email, or other work product containing Confidential Material and all deposition transcripts, deposition video or audio tapes, hearing transcripts, and trial transcripts, provided that such counsel takes appropriate steps to prevent the disclosure of Confidential Material contrary to the terms of this Order.

### ENFORCEMENT OF THIS ORDER

36. In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved Party may immediately apply to obtain injunctive relief against any such person. This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

37. This Court shall retain jurisdiction over the Parties and the subject matter of this Order for the purpose of enforcing this Protective Order.

Dated: August 15, 2008

Respectfully submitted,

By: *Jacques Semmelman*
Jacques Semmelman (JS 5020)

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
Tel.: 212-696-6000
Fax: 212-697-1559
jsemmelman@curtis.com

*Attorneys for Defendant and Counterclaim-Plaintiff LoopNet, Inc.*

By: *Karla G. Sanchez*
Steven A. Zalesin
Karla G. Sanchez

PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

*Attorneys for Plaintiff CoStar Group, Inc and Counterclaim-Defendants CoStar Group, Inc. and CoStar Realty Information, Inc.*

IT IS SO ORDERED.
DATED: August 25, 2008

*Gabriel W. Gorenstein*
Hon. Gabriel W. Gorenstein
USMJ